IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ORLANDO JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-083 |
| | ) | |
| WHEELER CORRECTIONAL | ) | |
| FACILITY; THE STATE OF | ) | |
| GEORGIA; and DOUG WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case *pro se* in the Northern District of Georgia. (Doc. no. 1.) Because Plaintiff's complaint raised issues concerning his conditions of confinement in the Southern District of Georgia, United States Magistrate Judge Russell G. Vineyard transferred the case to this District. (See doc. no. 2.) On October 20, 2023, the Court conditionally granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), subject to returning a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty days. (See doc. nos. 6, 8.) In that same October 20th Order, the Court advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 8, pp. 1-3.) The Court also directed Plaintiff to submit an amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (Id. at 4-6.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See id. at 6-7.)

The time to respond has passed, and although Plaintiff submitted his Consent to Collection of Fees form and an amended complaint, (doc. nos. 9, 10), he has not submitted the Prisoner Trust Fund Account Statement required by the Court's October 20th Order.[1] Nor has he provided the Court with any explanation why he has not complied with the requirements for proceeding IFP.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. (See doc. no. 10, pp. 6-7.) As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of November, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Clerk of Court docketed a document entitled "Offender Store Details" as an Inmate Account Statement. (Doc. no. 7.) This was filed prior to the Court granting Plaintiff permission to proceed IFP and is not the required Prisoner Trust Fund Account Statement provided with the Court's October 20th Order. (See doc. no. 8; doc. no. 8-1, pp. 1-2.) The document regarding store transactions does not provide the required information about Plaintiff's average monthly deposits or average monthly balance for the six months prior to submission of the complaint, and it is not signed by a prison official. (See doc. no. 7.)